The NORTHERN KENTUCKY AREA
PLANNING COMMISSION, etc.,
Appellant,

v.

CAMPBELL COUNTY, Kentucky and the
Fiscal Court of Campbell County,
Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 3, 1974.

Douglas M. Stephens, Deters, Benzinger & Stephens, Covington, for appellant.

William O. Bertelsman, Bertelsman & Bertelsman, Newport, for appellees.

REED, Justice.

This lawsuit resulted from a dispute between appellant, The Northern Kentucky Area Planning Commission, and the appellees, Campbell County and its Fiscal Court. The controversy presented to the circuit court in a declaratory judgment proceeding was the extent of authority of the area planning commission in the regulation of land use and public construction within the county. In essence, the planning commission contended that the applicable statutes vested mandatory power in it in the instances considered, while the local governmental units insisted that the same statutes confined the commission's authority to an advisory status. The circuit judge agreed with the county's construction of the relevant statutes. The commission appealed. During the pendency of the appeal, the General Assembly revised the applicable statutes in a manner that we believe resolves the controversy.

▉ Prior to the regular session of the General Assembly in 1974 and since 1968, the general statutory scheme for area planning, applicable to two or more adjacent counties, in one of which there was a city having a population of more than 50,000 and not more than 200,000 employing the device of an area planning commission, was spelled out in KRS 147.610 through 147.990. The interpretation of the legal effect of the language of those statutes was the problem presented to the circuit court.

The 1974 General Assembly enacted Senate Bill 260 and the Governor signed it. Its provisions will be fully effective as of June 21, 1974. This new legislation declared: "The provisions of KRS 147.610 through 147.990 shall be construed to confer on the area planning commission an advisory capacity only." It did not stop there in expressing the applicability of the clarification.

Section 2 of SB 260 specifically provides that the master plans or portions thereof of

**278**

each of the participating units of government in an area planning project, including all zoning ordinances and amendments, supplements and changes thereto *"heretofore and hereafter"* adopted by the participating governmental units and all action taken under the authority of such ordinances *"shall continue and be in effect"* so long as all proposed amendments, supplements and changes thereto have been reviewed and recommendations made by the area planning commission. It is also stated in this section that in the event the local legislative body overrides the commission's recommendation it shall state in writing the reasons for its action. Section 4 of SB 260 repeats the same procedure in the case of proposed public construction. This section provides that the area planning commission shall review and recommend; if the local legislative body overrides the recommendation it must state, in writing, the reasons for its action.

The 1974 General Assembly clarified the law; it legislated not only concerning future actions but directed the clarifications to past actions as well. The abstract issues presented to the circuit court and by appeal to this court are framed in the reference of construction of the legal effect to be ascribed to the use of language. No issue of constitutionality is implicated and we do not purport to consider it.

■ Declaratory judgments concerning public questions cannot be decided in a vacuum. The legislative action subsequent to the judgment cannot be ignored. Cf. Bradshaw v. Ball, Ky., 487 S.W.2d 294 (1972). Johnson v. City of Paducah, Ky., 461 S.W.2d 357 (1970). The circuit court's judgment should not be disturbed except that its terms may be extended to implement the relevant provisions of SB 260 of the 1974 General Assembly.

The judgment is affirmed.

All concur.